[No. 12524. In Bank. — June 16, 1888.]

J. L. REQUA ET AL., APPELLANTS, *v.* S. P. SNOW, RESPONDENT.

SPECIFIC PERFORMANCE — CONTRACT FOR SALE OF LAND — LACHES. — Specific performance of a contract for the sale of land, at the instance of the vendee, will be refused, when there has been an unexplained delay by him of upwards of three years in performing the conditions of the contract with respect to the payment of the purchase price.

APPEAL from a judgment of the Superior Court of Santa Barbara County.

The facts are stated in the opinion of the court.

*W. C. Stratton,* for Appellants.

*B. F. Thomas,* for Respondent.

SHARPSTEIN, J.—This action was brought to enforce the specific performance of a contract for the sale of real estate. Defendant filed a cross-complaint praying affirmative relief, and judgment was rendered for him for possession of the property and cancellation of the contract. Plaintiffs appeal from the judgment, and insist that it is not supported by the findings. The findings are, that on the seventeenth day of July, 1882, the defendant made to plaintiff J. L. Requa an offer in writing in the following words and figures:—

"I will take Requa's note for eighteen hundred dollars for one year from the twentieth day of September next for the part of my block 88 on which Judge E. B. Hall now resides, on the corner of Sala and Garden streets, in the city and county of Santa Barbara, California; I to execute a good and sufficient deed for it on the payment of said note; possession August, proximo; the said Requa to pay me for the rent, and the interest on the said note, and house and lot; Requa to have until the 20th instant, all day, to inform acceptance or not of the foregoing proposition, at his office.

(Signed)                              "S. P. SNOW.
"July 17, 1882."

The plaintiff J. L. Requa accepted the above offer in the following words and figures:—

"I hereby accept the foregoing offer, and execute herewith my promissory note accordingly:—

"$1,800.          SANTA BARBARA, September 20, 1882.

"One year after date, for value received in house and lot, as aforesaid, I promise to pay $1,800, with interest, —$12 per month for each and every month, in advance.

"J. L. REQUA."

The acceptance and promise to pay was delivered to defendant, and accepted by him. At or about the same time plaintiffs went into possession of the premises, and have ever since remained in possession thereof. Plaintiff J. L. Requa paid the interest or rent specified in said contract up to and including June 20, 1884, but no other or further payment has been made on said contract, either of principal, interest, or rent. On the 20th of September, 1882, plaintiff J. L. Requa assigned said contract to the plaintiff Helen Requa, of which defendant was not aware before the commencement of this action. "On the thirteenth day of September, 1886, plaintiff Helen Requa wrote to the defendant that she desired to know the amount due on the land, and the defendant replied that he did not and had not for a long time considered that anything was due him upon said land and house." The last above finding and the following are copied in full from the transcript: "That in the month of December, 1884, the plaintiffs thinking they had found a purchaser for said parcel of land at an advance, and the defendant, wanting his money to buy a ranch in Carpenteria, directed the defendant to make out a deed for said land, leaving the name of the grantee blank until it should be ascertained if the deed should be made in the name of the vendee or his wife; that the defendant did on the —— day of December, 1884, sign a deed conveying said land, the name of the grantee being left blank, and the defendant placed said deed in the hands of his agent, with instructions that when the name of the grantee should be ascertained, said agent should insert the same, and, upon payment of the money due on said contract, deliver said deed. Said money was not paid or tendered, and the defendant resumed the control of said deed. No certificate of acknowledgment was attached to said deed." On the twentieth day of February, 1887, plaintiffs tendered the amount due under said contract, and demanded a deed of said premises. Defend-

ant refused to accept said tender, or to execute a deed. By the terms of the agreement, of which specific performance is prayed, the plaintiff J. L. Requa promised to pay the sum specified for the premises on the 20th of September, 1883. No part of that sum was paid or tendered until the twentieth day of February, 1887, and the interest or rent which plaintiff agreed to pay monthly in advance was paid up to and including June, 1884, and not after that date. The tender was made more than three years after the maturity of the note, and no interest or rent was paid for more than two years before the tender was made and a deed demanded.

It is well settled in this state that delay to comply with his agreement to pay for such a length of time, without rendering a reasonable excuse for it, is an insuperable objection to enforcing, in his favor, a specific performance of the contract to convey land. In *Green v. Covillaud*, 10 Cal. 317, the court says: "Will a court of equity enforce a specific performance of an agreement to convey lands when the plaintiff shows no compliance or offer of compliance on his part with the agreement, nor any excuse therefor, for the period of twenty-one or twenty-two months from the time he bound himself to perform? And this question, too, is decided in effect by *Brown* v. *Covillaud*, 6 Cal. 568, from which opinion the negative of the proposition results as a logical necessity." Here the court finds that between the first day of March, 1886, and the commencement of this action, the land in controversy enhanced in value so as to be worth five thousand dollars when the action was commenced. This is more than double the sum which plaintiff agreed to pay for it. The rental value for the two years next preceding the trial of the action is found to have been from twenty to twenty-five dollars per month, and fifteen dollars per month from the date of the contract up to two years before the commencement of this action. The equities appear to us to be wholly on the side of the de-

fendant, and we think the relief awarded him in the judgment appealed from not in excess of what he is justly entitled to upon the findings before us.

Judgment affirmed.

SEARLS, C. J., McFARLAND, J., PATERSON, J., and THORNTON, J., concurred.